IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

Case No. 5:19-cv-00555

| | |
|---|---|
| NATIONAL TRUST INSURANCE COMPANY<br><br>       Plaintiff,<br><br>v.<br><br>GELDER & ASSOCIATES, INC.,<br><br>       Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT** |

  **COMES NOW** Plaintiff National Trust Insurance Company ("National Trust"), by and through counsel, and pursuant to Rule 57 of the Federal Rules of Civil Procedure and the provisions of 28 U.S.C. § 2201, and alleges and says:

## PRELIMINARY STATEMENT

  1. Pursuant to 28 U.S.C. § 2201, National Trust seeks a declaratory judgment and adjudication concerning the rights, obligations, and liabilities of the parties under three certain policies of insurance issued by National Trust to Defendant Gelder & Associates, Inc. with respect to a lawsuit currently pending in the General Court of Justice, Superior Court Division, Wake County, North Carolina. National Trust seeks a judicial declaration that the allegations in that action fail to raise the possibility of liability on a claim covered under the policies it issued to Gelder and that it therefore owes Gelder no duty to defend that action or to indemnify it against any liability it incurs in the action as a result of settlement or judgment. In the alternative, National Trust seeks a judicial declaration that the discovery conducted in that action to date shows that there is no longer the possibility of liability on claim covered by any of the three policies such that any duty to defend it owed Gelder is terminated and that there is no duty to indemnify.

## JURISDICTION & VENUE

2. Jurisdiction over the claims contained herein is invoked pursuant to 28 U.S.C. § 1332(a)(1) and (c) in that there is complete diversity of citizenship between the Plaintiff and all Defendants and the amount in controversy exceeds the sum of $75,000.

3. This action properly lies in the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the Defendant resides and operates its principal place of business, upon information and belief, in Wake County, North Carolina, which is located in this judicial district, and because the underlying action for which National Trust seeks a declaration concerning the duty to defend is taking place in the courts of Wake County, North Carolina.

## PARTIES

4. National Trust is, and at all times mentioned herein was, a corporation duly organized and existing under the laws of the State of Indiana and operates its principal place of business in the State of Florida. At all times relevant to the instant action, National Trust was and remains licensed and authorized to engage in the business of insurance in the State of North Carolina.

5. Upon information and belief, Defendant Gelder & Associates, Inc. is a corporation duly organized and existing under the laws of the State of North Carolina and operates its principal place of business at 3901 Gelder Drive, Raleigh, North Carolina.

## FACTS

A. The Policies

6. National Trust issued Commercial Package Policy number CPP0022553-01 to Gelder for the policy period of June 1, 2016 to June 1, 2017 (the "2016-17 Policy"). The Policy

contains various commercial coverages, including as relevant here, commercial general liability. The commercial general liability coverage provides a per occurrence limit of $1,000,000 and is subject to a general aggregate limit of $2,000,000.

7. A true, correct, and complete copy of the 2016-17 Policy is attached as **Exhibit 1** and is incorporated by reference in this Complaint.

8. National Trust issued Commercial Package Policy Policy number CPP0022553-01 to Gelder for the policy period of June 1, 2017 to June 1, 2018 (the "2017-18 Policy"). The Policy contains various commercial coverages, including as relevant here, commercial general liability. The commercial general liability coverage provides a per occurrence limit of $1,000,000 and is subject to a general aggregate limit of $2,000,000.

9. A true, correct, and complete copy of the 2017-18 Policy is attached as **Exhibit 2** and is incorporated by reference in this Complaint.

10. National Trust issued Policy number CPP0022553-01 to Gelder for the policy period of June 1, 2018 to June 1, 2019 (the "2018-19 Policy"). The Policy contains various commercial coverages, including as relevant here, commercial general liability. The commercial general liability coverage provides a per occurrence limit of $1,000,000 and is subject to a general aggregate limit of $2,000,000.

11. A true, correct, and complete copy of the 2018-19 Policy is attached as **Exhibit 3** and is incorporated by reference in this Complaint.

12. The National Trust Policies all contain the following relevant insuring language:

**SECTION I – COVERAGES**
**1. Insuring Agreement**
    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

> However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. ...
>
> **b.** This insurance applies to "bodily injury" and "property damage" only if:
> > **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes places in the "coverage territory";
> > **(2)** The "bodily injury" or "property damage" occurs during the policy period; and
> > **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II – Who Is An Insured** and no "employee" authorized by you to give or receive notice of an "occurrence" or claim knew that the "bodily injury" or "property damage" had occurred, in whole or in part. ...

13. The National Trust Policies all contain the following relevant exclusions to coverage:

> **2. Exclusions**
> \* \* \*
> **b. Contractual Liability**
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
> > **(1)** That the insured would have in the absence of the contract or agreement; or
> > **(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than the insured are deemed to be damages because of "bodily injury" or "property damage", provided:
> > > **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract";
> > > **(b)** Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.
> \* \* \*

  **j.**  **Damage to Property**
    "Property damage" to:
    * * *
    **(5)**  That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
    **(6)**  That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
    * * *
    Paragraphs **(3)**, **(4)**, **(5)**, and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

    Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".
  **k.**  **Damage To Your Product**
    "Property damage" to "your product" arising out of it or any part of it.
  **l.**  **Damage To Your Work**
    "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

    This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.
  **m.**  **Damage To Impaired Property Or Property Not Physically Injured**
    "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
    **(1)**  A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
    **(2)**  A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
    This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

14. The National Trust Policies all contain the following relevant definitions:

**SECTION V – DEFINITIONS**
* * * *
**8.**  "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:
  **a.**  It incorporates "your product" or "your work" that is known or

    thought to be defective, deficient, inadequate or dangerous; or
  **b.**  You have failed to fulfill the terms of a contract or agreement;
  if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

\* \* \*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

**16.** "Products-completed operations hazard":
  **a.**  Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
    **(1)** Products that are still in your physical possession; or
    **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
      **(a)** When all of the work called for in your contract has been completed.
      **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
      **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.
    Work that may need service, maintenance, correction or repair or replacement, but which is otherwise complete, will be treated as completed.
  **b.**  Does not include "bodily injury" or "property damage" arising out of:
    **(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;
    **(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or
    **(3)** Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate limit.

**17.** "Property damage" means:
  **a.**  Physical damage to tangible property, including all resulting loss of use of that property. All such loss shall be deemed to occur at the time of the physical injury that caused it; or
  **b.**  Loss of use of tangible property that is not physically injured. All

such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. …

* * *

**21.** "Your product":
   **a.** Means:
      **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
         **(a)** You;
         **(b)** Others trading in your name; or
         **(c)** A person or organization whose business or assets you have acquired; …
   **b.** Includes:
      **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
      **(2)** The providing of or failing to provide warnings or instructions.
      ...

**22.** "Your work":
   **a.** Means:
      **(1)** Work or operations performed by you or on your behalf; and
      **(2)** Materials, parts or equipment furnished in connection with such work or operations.
   **b.** Includes:
      **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
      **(2)** The providing of or failing to provide warnings or instructions.

15. The National Trust Policies also contain the "First Choice Contractors Liability Endorsement", which provides, among other coverages, "Coverage G. Contractors Errors and Omissions" coverage. However, that coverage provision provides as follows: "We have no duty to investigate or defend claims or "suits" covered by this Contractors Errors or Omissions coverage."

**B. The Underlying Action**

16. BGM Investment Company commenced suit against Gelder and other defendants on March 1, 2019 in a lawsuit captioned *BGM Investment Company v. MacConnell & Associates,*

*Inc.*, 19CVS2731 in the General Court of Justice, Superior Court Division, Wake County, North Carolina (the "Underlying Action"). BGM's complaint asserted three causes of action against Gelder: (1) breach of contract; (2) negligence; (3) breach of warranty of workmanlike construction and habitability.

17. A true, correct, and complete copy of BGM's original complaint in the Underlying Action is attached as **Exhibit 4**.

18. BGM filed an amended complaint in the Underlying Action on May 14, 2019. BGM maintained the same three causes of action against Gelder in its amended complaint.

19. A true, correct, and complete copy of BGM's amended complaint in the Underlying Action is attached as **Exhibit 5**.

20. BGM alleged that it retained four contractors, including Gelder, to participate in the construction of a private roadway in a subdivision known as Midland Preserve. BGM retained Gelder in or around November 2016 to provide labor, materials, and equipment for the asphalt paving of the roadway. BGM's relationship with Gelder for this portion of the project was memorialized in a contract.

21. BGM claims that Gelder was contractually obligated to, among other duties, (1) provide any additional aggregate base course stone to ensure that the base was at least six inches in depth in order to comply with all regulations governing such roadways, and (2) to pave the roadway with at least two inches of asphalt.

22. BGM alleges that Gelder failed to provide the additional base stone or to pave the roadway with at least two inches of asphalt. BGM bases all three of its claims against Gelder based upon these two alleged failures.

23. As a result of Gelder's alleged failures, BGM claims it was damaged in that it will

need to incur costs to repair the damage to the road to maintain navigability, remove and replace all of the asphalt pavement, loss of use of the roadway, and that it sustained a diminution of property value.

24. Gelder tendered the Underlying Action to National Trust for coverage. National Trust agreed to defend Gelder subject to a complete reservation of its rights by letter dated May 10, 2019.

25. A true, correct, and complete copy of National Trust's May 10, 2019 reservation of rights letter is attached as **Exhibit 6** and is incorporated by reference in this complaint.

26. On August 1, 2019, BGM served its response to Gelder's request for a statement of monetary relief pursuant to Rule 8(a)(2) of the North Carolina Rules of Civil Procedure. In that document, BGM clarified that it was seeking damages: to construct the solution to repair the defectively constructed roadway; for engineering services, construction testing, and field work in conjunction with repairing the roadway; for construction services, hauling, and disposal of materials for temporary repairs to failing sections of the roadway; for costs of hiring engineers, contractors, and other service providers to construct, test, and manage construction of the repaired roadway; and for loss of use of enjoyment of the property and annoyance and inconvenience resulting from the defective construction of the roadway.

27. A true, correct, and complete copy of BGM's Response to Gelder's Request for Statement of Monetary Relief Sought is attached as **Exhibit 7**.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment – No Duty to Defend)**

28. National Trust restates, re-alleges, and incorporates by reference its allegations stated in paragraphs 1-27 as though fully set forth herein.

29. The Complaint and Amended Complaint in the Underlying Action fail to trigger a

duty to defend Gelder in the Underlying Action under the National Trust Policies. BGM's alleged damages allegedly caused by Gelder's activities do not fall within the coverage provisions of the general liability coverage contained in the Policies. Therefore, there is no possibility for liability of a covered claim under any of the National Trust Policies.

30. The only damages BGM alleges against Gelder are subject to exclusions under the National Trust Policies. Therefore, there is no possibility for liability of a covered claim under any of the National Trust Policies.

31. The "Contractors Errors and Omissions" coverage in the Policies expressly disclaims any duty to defend a claim that might be covered under that coverage provision.

32. National Trust notified Gelder of the potential applicability of the Policies' terms, conditions, limitations, and exclusions to the Underlying Action and reserved all rights under the Policies and at law, including the right to withdraw its defense, in its May 10, 2019 reservation of rights letter.

33. National Trust requests this Court to declare the rights, obligations, and liabilities of the parties under the National Trust Policies with respect to the Underlying Action. Specifically, National Trust is entitled to a judgment, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, declaring and adjudging that it owes Gelder no duty to defend or, ultimately, to indemnify the Underlying Action.

34. This action is ripe for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure as authorized by 28 U.S.C. § 2201. A final ruling by this Court will determine the rights and obligations of the parties and will settle the controversy between them as to these insurance coverage issues.

35. Accordingly, National Trust requests that this Court declare the relative rights,

duties and obligations of the parties to this action under the Policy with regard to the Underlying Action. Specifically, National Trust requests that the Court declare that National Trust has no obligation to provide coverage to Gelder under the Policies, including a duty to defend or indemnify Gelder in the Underlying Action, because the terms, conditions, limitations, and exclusions of the Policies reveal that the Underlying Action presents no possibility for liability on a claim covered by the Policies.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Relief – No Ongoing Duty To Defend)**

36. National Trust restates, re-alleges, and incorporates by reference its allegations stated in paragraphs 1-27 as though fully set forth herein.

37. In the alternative, National Trust seeks a declaration that any duty to defend raised by the pleadings in the Underlying Action has terminated as a result of facts revealed during the discovery process.

38. In its Response to Gelder's Request for Statement of Monetary Relief Sought, BGM clarified the categories of damages it is seeking through the Underlying Action.

39. The categories of damages BGM seeks clarify that damages allegedly caused by Gelder's activities do not fall within the coverage provisions of the Policies. Therefore, there is no possibility for liability of a covered claim under any of the National Trust Policies.

40. The "Contractors Errors and Omissions" coverage in the Policies expressly disclaims any duty to defend a claim that might be covered under that coverage provision.

41. National Trust requests this Court to declare the rights, obligations, and liabilities of the parties under the National Trust Policies with respect to the Underlying Action. Specifically, National Trust is entitled to a judgment, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal

Rules of Civil Procedure, declaring and adjudging that it owes Gelder no duty to defend or, ultimately, to indemnify the Underlying Action.

42. This action is ripe for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure as authorized by 28 U.S.C. § 2201. A final ruling by this Court will determine the rights and obligations of the parties and will settle the controversy between them as to these insurance coverage issues.

43. Accordingly, National Trust requests that this Court declare the relative rights, duties and obligations of the parties to this action under the Policy with regard to the Underlying Action. Specifically, National Trust requests that the Court declare that National Trust has no obligation to provide coverage to Gelder under the Policies, including a duty to defend or indemnify Gelder in the Underlying Action, because the terms, conditions, limitations, and exclusions of the Policies reveal that the Underlying Action presents no possibility for liability on a claim covered by the Policies.

**WHEREFORE**, Plaintiff National Trust Insurance Company respectfully requests that the Court:

1. Declare and decree that National Trust owes Gelder no duty to defend or indemnify for the Underlying Action pursuant to the terms, conditions, limitations, and exclusions contained in the National Trust Policies;

2. Deny Gelder any recovery in this action;

3. Tax the costs of this action against Gelder;

4. Grant a trial by jury on all issues so triable; and

5. Award National Trust such other and further relief as the Court may deem just and proper.

This 6th day of December, 2019.

**GOLDBERG SEGALLA, LLP**

/s/ David L. Brown
David L. Brown (N.C. State Bar No. 18942)
dbrown@goldbergsegalla.com
800 Green Valley Road, Suite 300
Greensboro, NC 27408
Telephone:    336-419-4902
Facsimile:    336-419-4950

Robert D. Whitney (N.C. State Bar No. 47192)
rwhitney@goldbergsegalla.com
421 Fayetteville Street, Suite 1210
Raleigh, NC 27601
Telephone:    919-582-0801
Facsimile:    919-582-0899

*Attorneys for Plaintiff National Trust Insurance Company*